JON M. SANDS
Federal Public Defender
ELENA M. KAY
Assistant Federal Public Defender
State Bar No. 026391
Email: elena_m_kay@fd.org
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America,<br><br>　　　Plaintiff,<br><br>v.<br><br>Jan Peter Meister,<br><br>　　　Defendant. | CR19-2738-TUC-RM (JR)<br><br>DEFENDANT'S APPEAL OF MAGISTRATE'S ORDER OF DETENTION |

The defendant, through counsel, pursuant to 18 U.S.C. 3145, moves this Court to review the October 29, 2019 Order of United States Magistrate Judge Jaqueline Rateau detaining the defendant. In support of this motion, Mr. Meister submits the following Memorandum of Points and Authorities.

**I.　　Relevant Facts**

Mr. Meister is charged with one count of making a threat through interstate commerce. Specifically, the indictment alleges that Mr. Meister left a voicemail for a United States Congressmen in which Mr. Meister said, among other things, that he was going to "blow [the congressman's] brains out."

II. **Procedural History**

Although Mr. Meister is alleged to have left the voicemail at issue on October 1, 2019, a warrant was not issued for his arrest until October 24, 2019. Between October 1 and 24, Capital Police went to the Meister home, seized evidence, and questioned Mr. Meister. Mr. Meister was arrested without incident on October 25, 2019.

Mr. Meister was detained at his initial appearance. He was again detained at the detention hearing two days later. Mr. Meister appeals from that detention order.

III. **Relevant Law**

A district court's review of a magistrate's detention order under section 3145 is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).

The Bail Reform Act mandates release pending trial unless a judge determines that "no condition or combination of conditions will reasonably assure" the defendant's appearance and the safety of the community. 18 U.S.C. 3142(b),(e)(1). "Only in rare cases should release be denied." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Doubts regarding the propriety of release should be resolved in favor of the defendant." *Id.*

Writing for the Court in *Motamedi*, then Circuit Judge Anthony Kennedy held that the Government bears the burden to establish risk of flight by a "clear preponderance of the evidence." 767 F.2d at 1406; *accord United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) ("clear preponderance"); *see also United States v. Portes*, 786 F.2d 758, 765 n. 9 (7th Cir. 1985) (recognizing that *Motamedi's* clear preponderance standard is "slightly higher" than the traditional preponderance of the evidence standard). That "preponderance must, of course, go to the ultimate issue: that no combination of conditions . . . can 'reasonably' assure

that the defendant will appear for trial." *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).

A rebuttable presumption of detention arises, however, in certain specific cases. Such cases include drug cases with a maximum term of 10 years or more in prison; offenses committed under 18 U.S.C. 924, 956, or 2332; certain terrorism-related offenses; certain human trafficking offenses, and certain offenses involving a minor victim. 18 U.S.C. 3142(e)(3). In those kinds of cases, the presumption shifts the burden of production to the defendant, but the burden of *persuasion* still remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (emphasis added).

To rebut this presumption, the defendant need not prove that she should not be detained under any circumstance. Rather, the defendant need only produce *some* credible evidence showing a reasonable assurance of appearance. *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986) (emphasis added). For example, a defendant may show that "the specific nature of the crimes charged, or that something about [her] individual circumstances, suggests that 'what is true in general is not true in the particular case . . .'" *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). And this "burden of production is not a heavy one to meet. *Id.*

"If a defendant proffers evidence to rebut the presumption . . . , the court considers four factors in determining whether the pretrial detention standard is met." *Hir*, 517 F.3d at 1086. These statutory factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family ties, employment, financial resources,

length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and whether at the time of the current arrest the defendant was on probation, on parole or on any other release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. 3142(g). The weight of the evidence is the *least* important factor. *Motamedi*, 767 F.2d at 1408.

## IV. **Argument**

Here, the presumption of detention does not apply to Mr. Meister's case. According to the indictment, Mr. Meister is charged with one count of threats through interstate commerce in violation of 18 U.S.C. 875(c). As charged, Mr. Meister faces a maximum term of five years in prison as well as a fine.

An 18 U.S.C. 875(c) offense does not have a maximum term of 10 years or more in prison, nor does it involve a controlled substance offense. *See* 18 U.S.C. 3142(e)(3)(A). Nor does an 18 U.S.C. 875(c) offense fall under sections 924, 956, or 2332b of the statute. *See* 18 U.S.C. 3142(e)(3)(B-C). Finally, an 18 U.S.C. 875(c) offense does not have a maximum term of 20 years or more in prison and does not involve a minor victim. *See* 18 U.S.C. 3142(e)(3)(D-E). As such, the charged offense meets none of the enumerated offenses requiring a presumption of detention and the Bail Reform Act therefore mandates release unless the Court finds no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. 3142(b),(e)(1).

4

When determining whether a condition or combination of conditions exist that will assure Mr. Meister's appearance and the safety of the community, the Court should consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant and (4) the nature and seriousness of the danger to the community posed by the defendant's release.  18 U.S.C. 875(g).

Here, Mr. Meister is charged with making a drunken phone call in which he threatened a United States Congressman.  Although serious, the congressman lived in Washington, D.C. and Mr. Meister lives in a trailer in Tucson.  Mr. Meister has no ties to Washington or the ability to travel there and there is little evidence he could have carried out his alleged threat.

The weight of the evidence against Mr. Meister is unknown at this time because the defense has not received disclosure.  As explained in the preceding paragraph, however, Mr. Meister lives in Tucson and the alleged victim in Washington, D.C.

Mr. Meister's history and characteristics demonstrate that he is neither a flight risk or risk to the community.  Although he has prior convictions, Mr. Meister's last offense was committed in 2002 – approximately 17 years ago.  Since then, he met his wife, Dionne, and has remained out of trouble for nearly two decades.

Mr. Meister and Dionne have strong ties to the Arizona community.  Mr. Meister's son lives in the Phoenix area and Dionne, Mr. Meister and Dionne's family all live in Tucson. And, even though Mr. Meister has not been working recently, he has a job offer at the Solar Company where his wife works and he intends to go to work there if released on this case.

(See attachment). Mr. Meister does not have any recent international travel, and is willing to surrender his passport.

Although the defense anticipates that the government will argue that Mr. Meister is a danger to the community by virtue of the charge itself, as well as the fact that his wife allegedly had firearms in the home he shared with her, Mr. Meister has not been charged with any firearms offense and, in fact, his rights to possess a gun were restored in Arizona. Moreover, the offense at issue is alleged to have occurred on October 1, but Mr. Meister was not arrested until the end of October. In what essentially amounts to a month, Mr. Meister knew he was being investigated, as spoken to by Capital Police, yet did not flee or commit any new offenses. This is evidence of his lack of dangerousness and should be considered when determining whether he should be released in this case.

For all of these reasons, Mr. Meister asks the Court to overturn the magistrate judge's order of detention and allow him to return home to his wife while this case is pending.

**RESPECTFULLY SUBMITTED:** November 1, 2019.

    JON M. SANDS
    Federal Public Defender

    */s/ Elena M. Kay*
    ELENA M. KAY
    Assistant Federal Public Defender

Copy of the foregoing has been provided
by electronic transmittal via the CM/ECF System:

Beverly Anderson – Assistant United States Attorney

Nicole Savel – Assistant United States Attorney