**ROACH LAW FIRM, L.L.C.**
**Brad Roach, Esq.**
**101 E. Pennington St, Suite 201**
**Tucson, AZ 85701**
**(520) 628-4100**
**State Bar No. 017456**

Attorney for: **Jan Peter Meister**

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**     Plaintiff, | CR 19-02738-TUC-RM (JR) |
| vs. | **MOTION TO SEVER COUNTS** |
| **Jan Peter Meister,**     Defendant. | |

It is expected that excludable delay under 18 USC§3161(h)(1)(D) may result based upon the filing of this motion or an order based thereon.

**The Indictment**:

The Indictment in this case charges Mr. Meister with one count of 18 U.S.C. 875(c), Threats Through Interstate Commerce in violation of 18 U.S.C. 875(c) and with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C.922(g)(l) and 924(a)(2).

Proof Required:

Count one of the Indictment alleges that: "On or about October 1, 2019 at or near Tucson, in the District of Arizona, Jan Peter Meister, knowingly transmitted in interstate commerce, with intent to threaten, a communication, that is, a message left on the Washington District Office Voicemail system of Congressman A.S., containing a threat to injure the person of another, to wit…."

The statute in question is 18 U.S.C. 875(c) which provides:

> § 875. Interstate communications
> (c) Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

Count two of the Indictment alleges a violation 18 U.S.C. §§ 922(g)(l) and 924(a)(2) which makes it unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to possess any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**Applicable Law**:

The rules with respect to joinder and severance of offenses are found at Rules 8(a) and 14 of the Federal Rules of Criminal Procedure.

Rule 8(a) provides:

> Rule 8. Joinder of Offenses or Defendants
> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 14 provides:
> Rule 14. Relief from Prejudicial Joinder
> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial ***appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials***, or provide any other relief that justice requires.(Emphasis added.)

The counts in the Indictment were not properly joined under Rule 8(a) because they are not of the same or similar character, not based on the same act or transaction, nor are they connected with or constitute parts of a common scheme or plan. The leading case dealing with

severance of the felon in possession counts from other counts in an Indictment is *United States v. Nguyen* 88 F.3d 812, 815; (1996) U.S. App. LEXIS 16285 where the court observed:

> All of the Circuit Courts seem to agree that ***trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider*** the evidence of a prior conviction when deliberating about the other felony charges, i.e. ***convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too***." (Emphasis added.)
>
> ***
>
> Although no court has adopted a per se rule about how to handle this situation, each Circuit has taken the position that the trial court should do whatever is possible to minimize the chance of prejudice. As discussed below, various courts have used <u>severance of the counts,</u> <u>bifurcation of the trial</u> to separate the felon in possession count from the other counts, <u>or stipulation to the prior felony</u> so that the jury does not hear about the prior bad act.

The opinion continued with a discussion of the various means advanced of shielding a defendant from prejudice:

**Cautionary Instruction**:

> ***It is an uncommon situation where, as occurred in this case, cautionary jury instructions alone have been considered a sufficient means of shielding the defendant from prejudice***. *Id.* 815-816. (Emphasis added.)
>
> ***
>
> We also noted that we shared "the D.C. Circuit's skepticism of the efficacy of such instructions no matter when they are given. '***To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capabilities***.'" (internal citations omitted) This Court also questioned whether those specific instructions "specifically impressed upon the jury its duty to ignore prior convictions in determining guilt." *Lewis*, 787 F.2d at 1323. *Id.*816. (Emphasis added.)
>
> ***
>
> We acknowledged that "there is a high risk of undue prejudice whenever, as in this case, ***joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible***." Id. at 1322 (citation omitted). we emphasized that "it is ***much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts*** than it is to

>    compartmentalize evidence against separate defendants joined for trial." *Id.*
>    at 816. (Emphasis added.)

***

**Bifurcation:**
>    Although ***severance or bifurcation is the preferred alternative***, we
>    conclude that the district court did not abuse its discretion by consolidating
>    Nguyen's two cases and ordering that the two indictments be tried together.

In the instant case, Mr. Meister urges the court to sever the counts and order two separate trials. There is a line of cases that upholds the denial of a motion for severance when there is "overwhelming" evidence of guilt, however, those cases have no application to Mr. Meister's case. Even though there may be a significant amount of evidence that Mr. Meister left the message on the Congressman's answering device, that alone *does not equate to overwhelming evidence of guilt* because the current state of U.S. Supreme Court and 9th Circuit law of the issue of a "true threat." In a well reasoned and authoritative article published by Cornell Law, entitled, "Threats of Violence Against Individuals."| U.S. Constitution Annotated | US Law | LII / Legal Information Institute, it was noted:

>    The Ninth Circuit concluded that a "true threat" is "a statement which, ***in
>    the entire context and under all the circumstances***, a reasonable person
>    would foresee would be interpreted by those to whom the statement is
>    communicated as a *serious* expression of intent to inflict bodily harm upon
>    that person." (Emphasis added.)

The government's disclosure contained a summary a pre-arrest interview with Mr. Meister. In that interview:

>    He apologized for the call, further stating that, "that's out of character for me."
>    
>    Agents explained that the call was to Congressman Adam Schiff.
>    MEISTER responded that he watches Fox News and likely was upset at something that he saw on the news. He stated that he strongly dislikes the Democrats, and feels they are to blame for the country's political issues
>    
>    MEISTER stated that he likely Goggled the Congressman's office number to make the call.

MEISTER stated that he drinks 3 times per week

He denied any plans to act on the voicemail threat.

He denied any plans to travel to any political offices or events.

-MEISTER denied any affiliations with any groups, and further denied any interest in assassins or any possession of journals or manifestos related to public officials

-MEISTER denied any homicidal or suicidal ideations, and denied any history of mental illness.

A search warrant was later executed at Mr. Meister's residence, but the fruits of that search revealed no indicia of any plans to do harm to any political figure nor were there any social media indications that he planned to do any harm to any person or institution.

In short, even though there will be evidence that he made the statements attributed to him, there will be a serious issue of fact as to whether his words reflected a *serious* expression of intent to inflict bodily harm upon the Congressman. Severance, as opposed to a limiting instruction or bifurcation, is necessary to avoid the very real risk as stated in the cases cited herein, i.e. the jury may convict Mr. Meister because he is a "bad guy" or because "he committed a crime before and probably did this one too." This possibility is particularly in this case where Count One involves threats of injury of death against a political figure who figures very prominently in the ongoing impeachment of President Trump.

Accordingly, Mr. Meister urges the court to grant this motion and sever the trial of Count One from the remaining count in the Indictment.

Respectfully submitted this XX day of January 2020.

            ROACH LAW FIRM, L.L.C.

            */s/ Bradley K. Roach*
            Bradley K. Roach
            Attorney for Jan Peter Meister

Copy of the foregoing served electronically
this XX day of January 2020,

Nicole Savel, Esq.
Assistant U.S. Attorney