**ROACH LAW FIRM, L.L.C.**
**Brad Roach, Esq.**
**101 E. Pennington St, Suite 201**
**Tucson, AZ 85701**
**(520) 628-4100**
**State Bar No. 017456**

Attorney for: **Jan Peter Meister**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>             Plaintiff,<br><br>vs.<br><br>Jan Peter Meister,<br>             Defendant. | CR 19-02738-TUC-RM (JR)<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SEVER COUNTS** |

      Jan Peter Meister hereby replies to the Government's *Response* to his Motion to Sever Counts.

      The Government insists that joinder of the felon in possession count with the other unrelated count is proper despite the clear admonition to prosecutors and judges in *United States v. Nguyen* 88 F.3d 812, 815; (1996) U.S. App. LEXIS 16285*:*

> ***This opinion is published to alert trial judges and prosecutors*** that the practice of consolidating "felon in possession charges" without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits.(Emphasis added.)

      The Government cites *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) as authority for the proposition that Rule 8 has been "broadly construed in favor of initial joinder…." However, the Government fails to mention that the very sentence in *Jawara* reads:

Nonetheless, the *joinder decision warrants scrutiny*, and Rule 14 should not be viewed as a backstop or substitute for the initial analysis required under Rule 8(a). *At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder*, and "those conditions, although phrased in general terms, are not infinitely elastic."

The only attempt to satisfy one of these three conditions is at page 7 of the Response where the Government asserts, in a conclusory manner, that there is overlapping evidence and therefore judicial economy strongly favors joining the charges in a single trial to avoid duplicative proceedings. The Government does not document what overlapping evidence it is referring to, but cites *Nguyen* by noting that the 9th Circuit denied severance in that case because, "[e]ach of the alleged offenses arose from the same act or transaction, and there was significant overlap in the evidence for all charges," concerns for judicial economy "outweigh[ed] any limited prejudice that [the defendant] may have experienced." *Nguyen* is inapposite because there existed an <u>actual overlap</u> of proof since it was the <u>same gun</u> that was critical to proof of otherwise unrelated counts.

In Mr. Meister's case, there is no such nexus between the counts. *Jarawa* also discussed this prong of Rule 8 joinder. At page 574 of that decision, the court noted:

> We have not specifically defined the requisite nexus for a "common scheme or plan"; because the words are self-defining, courts generally permit joinder under this test where the counts "grow out of related transactions." See *Randazzo*, 80 F.3d at 627. Stated another way, *we ask whether "[c]ommission of one of the offenses []either depended upon []or necessarily led to the commission of the other; proof of the one act []either constituted []or depended upon proof of the other."* United States v. Halper, 590 F.2d 422, 429 (2d Cir. 1978); see also *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) ("When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate.") (citing *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970)). (Emphasis added.)

Applying these factors to Mr. Meister's case:  Did the commission of Count One depend upon or lead to Count Two? Did proof of the one act either constitute or depend upon proof of the other? Those are the legal tests, not whether it would be easier for the Government

to convict him by using unrelated and highly prejudicial evidence. The answer to both questions is an emphatic "No."

The Government's argument that the fact that guns were located in his house is "highly probative" of his "state of mind" is specious at best. Nothing in the disclosure suggests the message left by Mr. Meister was anything beyond some alcohol-fueled ranting in the midst of a highly contentious impeachment proceeding. There are no social media postings; no documented mental health issues; nothing to document he any intent or plan to travel to Washington D.C. or any other venue where A.S. was scheduled to appear. More telling, no disclosure has been made that any of the weapons at issue were recently acquired.

Accordingly, Mr. Meister urges the court to grant this motion and sever the trial of Count One from the remaining count in the Indictment.

Respectfully submitted this XX day of February 2020.

                    ROACH LAW FIRM, L.L.C.

                    */s/ Bradley K. Roach*
                    Bradley K. Roach
                    Attorney for Jan Peter Meister

Copy of the foregoing served electronically
this XX day of February 2020,

Nicole Savel, Esq.
Assistant U.S. Attorney