MICHAEL BAILEY
United States Attorney
District of Arizona
NICOLE P. SAVEL
State Bar No.: 015958
BEVERLY ANDERSON
State Bar No.: 010547
Assistant United States Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nicole.savel@usdoj.gov
Email: bev.anderson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                  Plaintiff,<br><br>         vs.<br><br>Jan Peter Meister,<br><br>                  Defendant. | CR 19-02738-TUC-RM (JR)<br><br>GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY |

The United States of America, by and through its undersigned attorneys, hereby submits the following notice of its intent to utilize expert witness testimony during the trial, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This notice may be supplemented as additional information becomes available.

1. <u>Special Agent Creighton Brandt, United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)</u>

ATF Special Agent Creighton Brandt will testify regarding the firearms and ammunition seized in this case. Agent Brandt is expected to testify that, based on his research, knowledge, training, and experience, the firearms and ammunition in this case matter as set forth in Count Two of the Superseding Indictment affected interstate commerce in that they were manufactured outside of the state of Arizona and then received and/or possessed in the state of Arizona, and therefore traveled in or affected interstate

and/or foreign commerce. Special Agent Brandt's reports and statement of qualifications have been provided to defense counsel.

2. <u>Special Agent Hugh Thatcher, United States Capitol Police (USCP)</u>

USCP Agent Hugh Thatcher will testify about the extraction of data from the three cell phones seized in this case and the resulting information as set forth in cell phone extraction reports he prepared. Agent Thatcher's testimony will include an explanation of the data to show that the threatening call made by the defendant was communicated in interstate commerce, as alleged in Count One of the First Superseding Indictment. Agent Thatcher will also explain how data extracted from the Call Detail Records of the pertinent cell phone was plotted on Google Earth which reflects that the defendant made the call to Washington, D.C. from Arizona. Agent Thatcher's curriculum vitae and the cell phone extraction data and/or reports have been disclosed to defense counsel by the time of the filing of this notice, and any additional reports will be promptly provided.

3. <u>Analyst(s), TBD, Department of Homeland Security</u>

Analyst(s), to be determined, will testify about his/her examination and analysis of the firearms and other items seized from the defendant's residence for the presence of any latent prints and any comparisons with known prints taken of the defendant. The Fingerprint Analyst is expected to testify regarding any comparisons of the defendant's known prints to any fingerprints associated with the defendant's prior convictions as a prohibited possessor. Analyst(s) may also provide testimony about test firing of the firearms, which could include procedures for intake for the National Integrated Ballistic Information Network (NIBIN), a national database of digital images of spent bullet and cartridge cases from test-fired confiscated weapons. This notice will be supplemented and disclosure of reports will be provided to the defense promptly upon receipt.

With respect to all the above-proposed expert witnesses described above, the testimony of a properly qualified expert witness should be admitted if it will "assist the trier of fact to understand the evidence or determine a fact in issue." FRE 702; *See*, *Daubert*

*v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993).

The above notice is provided in advance of trial and may be subject to change regarding the identification of the specific witness by the relevant company or government agency, witness availability, and depending on any stipulations or agreements, or other discussions between the parties. This notice is also being provided to avoid unnecessary delay at trial and to litigate in advance of trial any matters that may arise out of these proposed avenues of testimony.

Based upon the Government's compliance with Rule 16(a)(1)(G), the United States requests that the defendant provide reciprocal summary testimony notice of any expert witnesses, or subjects of expert testimony, in the above matter pursuant to Rule 16(b)(1)(C).

The Government reserves the right to supplement this notice with additional expert witnesses should the need for any come to light, based in part on the defendant's anticipated compliance with Rule 16(b)(1)(A), (B) and (C).  The noticed experts' curriculum vitae have been or will be promptly provided upon receipt through the disclosure process.

Respectfully submitted this 19th day of February, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Nicole P. Savel*

NICOLE P. SAVEL
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 19th day of February, 2020, to:

Bradley Roach, Esq.
Attorney for Defendant Jan Peter Meister