MICHAEL BAILEY
United States Attorney
District of Arizona
NICOLE P. SAVEL
AZ State Bar No. 015958
BEVERLY K. ANDERSON
AZ State Bar No. 010547
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Nicole.savel@usdoj.gov
Bev.anderson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Jan Peter Meister, <br> AKA Peter Meister, <br><br> Defendant. | CR 19-02738-TUC-RM (JR) <br><br> GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S HEARSAY STATEMENTS |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits this Motion in Limine to exclude hearsay statements made by the defendant. The government will introduce defendant's statements at trial as a statement of a party-opponent under Federal Rule of Evidence 801(d)(2).

The Federal Rules of Evidence define hearsay as a statement by the declarant that was not made while testifying at the current trial, and that is offered in evidence to prove the truth of the matter asserted.  Rule 801(c), Fed. R. Evid.  Hearsay is not admissible unless subject to an exception.  Rule 802, Fed. R. Evid.  A court must exclude defendant's hearsay statements; even those made contemporaneously with other self-inculpatory statements. *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000); (citations omitted), holding modified on other grounds by *United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007).

During the investigation in this case, law enforcement made contact with the defendant as follows:

1.  On October 3, 2019, law enforcement spoke to the defendant in a non-custodial setting at the gate of defendant's property.  During the interaction, the defendant showed agents the call log from his phone indicating that he made the call to the victim, but was apologetic and claimed that he was drunk when he made the call. He told agents that the call was out of character for him and denied making calls to other public officials, except that he recalled making a call to Senator John McCain and called him "a dick." The defendant also told agents he only possessed one firearm, a black powder rifle, but had not yet shot the weapon.  The government tentatively intends to introduce the defendant's admissions during this encounter, and would move to exclude self-serving hearsay, such as his denial of any plans to act on the threat.  This decision may change depending on pre-trial rulings by the Court, to include a pending defense motion to sever the two counts charged in the indictment.

2.  On October 18, 2019, law enforcement interviewed the defendant in a non-custodial setting at the defendant's residence after a search warrant was executed at the defendant's home.  Three firearms were seized, in addition to three black powder muzzleloaders.  The defendant admitted he fired the 9mm handgun at a range a few years ago; he held the AR-15 rifle approximately 1.5 months prior to determine what parts were need to fix the firearm; and he shot the muzzleloader rifle five times in the past (contrary to what he told agents at their first encounter).  He also admitted his prior Maryland convictions and once again acknowledged making the call to the victim.  The government intends to introduce these admissions of a party-opponent in its case-in-chief.

However, the defendant made many self-serving statements during the interview that the government seeks to have excluded. For example, the defendant stated that he was drunk when he made the threatening call; that he didn't mean to threaten the victim; he claimed he'd never hurt anyone before (despite two prior convictions involving sexual

assault of children and a misdemeanor assault); and, he stated that the law involving prohibited possessors was a "gray area," among other statements.

3. On October 25, when law enforcement arrested the defendant at his residence, he made unsolicited comments such as "Fuck [the victim]." The government intends to introduce these comments in its case-in-chief at trial, pending the Court's rulings on motions.

The government's use of the defendant's statements for impeachment or rebuttal will necessarily depend on the content of the defendant's trial testimony, should he elect to testify. As for the government introducing only a small portion of the recorded interview on October 18, 2019, the law does not require the rest of the interview to be introduced. The rule of completeness does not require the admission of self-serving hearsay made within a broader narrative. *See* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time."); *Ortega*, 203 F.3d at 682, holding modified on other grounds by *United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007) ("Even if the rule of completeness did apply, exclusion of Ortega's exculpatory statements was proper because these statements would still have constituted inadmissible hearsay.").

Therefore, any statements made by the defendant to law enforcement officers supporting the defendant's exculpatory claims would be introduced to prove the truth of the matter asserted and therefore constitute hearsay. Allowing a defendant to place his exculpatory statements before the jury without subjecting himself to cross-examination is "precisely what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). The defendant should thus be precluded from introducing such inadmissible hearsay through government witnesses. *See Ortega*, 203 F.3d at 683 (affirming limitation of cross-examination to preclude eliciting inadmissible hearsay).

The redaction of the self-serving hearsay does not raise constitutional issues either.

*Ortega*, 203 F.3d at 683 ("Ortega should not be allowed to use the Confrontation Clause as a means of admitting hearsay testimony through the 'back door' without subjecting himself to cross-examination."); *Fernandez*, 839 F.2d at 640 (noting that due process does not require a court allow a defendant to place his inadmissible statements "before the jury without subjecting [himself] to cross-examination").

For the reasons discussed, the government respectfully requests an order by the Court that the defendant be precluded from introducing his hearsay statements made through cross-examination of the government witnesses, playing the portions of defendant's recorded statements that constitute hearsay, or from referencing such statements in defense counsel's opening statement.

The government will provide the transcript of the recorded interview to the Court and the defense upon receipt.

Respectfully submitted this 20th day of February, 2020.

    MICHAEL BAILEY
    United States Attorney
    District of Arizona

    *s/Nicole P. Savel*

    NICOLE P. SAVEL
    Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 20th day of February, 2020, to:

Bradley K. Roach, Esq,
Counsel for Defendant Meister