MICHAEL BAILEY
United States Attorney
District of Arizona
NICOLE P. SAVEL
Arizona State Bar No. 015958
BEVERLY K. ANDERSON
Arizona State Bar No. 010547
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Nicole.savel@usdoj.gov
Bev.anderson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 19-02738-TUC-RM (JR) |
|---|---|
| Plaintiff, | |
| vs. | NOTICE OF INTENTION TO USE RULE 404(b) MATERIAL, PURSUANT TO FRE 404(b) |
| Jan Peter Meister, Aka Peter Meister, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits its Notice of Intent to Use Evidence of "Other Acts," pursuant to Federal Rules of Evidence 404(b) as set forth below in the Memorandum of Points and Authorities.

On or about October 1, 2019 at approximately 4:30 p.m., at or near Tucson, in the District of Arizona, defendant Jan Peter Meister called and left a voice message on the Washington District Office voicemail system of Congress A.S.   The explicative laden message included a threat directed towards the Congressman, stating "…I'm gonna fucking blow your brains out…" United States Capitol Police (USCP) determined through caller ID and additional investigation that the defendant was the owner and subscriber of the

identified caller phone number.  USCP agents promptly traveled to Tucson to make contact with the defendant to assess the threat posed by the defendant.

On October 3, 2019, USCP along with a Pima County Sheriff's Deputy arrived at the defendant's residence to investigate the defendant's threat.  Defendant's residence is a fifth wheel mobile home, which is a recreational vehicle, capable of being driven away at a moments notice.  The agents called the number associated with the threatening call.  The defendant answered and agreed to come out of his vehicle and speak with the agents.  The defendant acknowledged he was the owner and user of the phone associated with the number and referenced his outgoing phone logs in the presence of both agents and the deputy.  Defendant Meister confirmed making a call to the victim's number.  Agents played the threatening message for the defendant.  Meister stated he was intoxicated, but he recognized his voice and acknowledged that he made the call.   When asked whether he possessed any weapons, defendant Meister denied owning any weapons except a "muzzleloader" rifle for hunting and further denied ever using the weapon.

When agents interviewed Meister on October 3, 2019, he minimized his actions. He stated he was drunk, apologized for the call and stated "that's out of character for me".  Meister further denied regularly making calls to public officials, however he stated that the last call he recalled making was to John McCain, when he called him a "dick."  Furthermore, a forensic examination of Meister's telephone revealed that on May 16, 2019, less than four (4) months prior to making the threats that are the subject of this case, Meister attempted to send a text message to Jerrold (Jerry) Nadler, House Judiciary Chairman, that stated "F****** resign you dumb f***" .  Investigation revealed the text message was not delivered because Meister attempted to send a SMS (text message) to a landline phone.

Although it's not known what the defense will be at trial, counsel for the government speculates that the defendant will claim he was intoxicated at the time he called the victims office and was therefore unable to form the intent necessary for a violation of 18 U.S.C. 875(c).

The government seeks to admit evidence of the text message to Representative Jerry Nadler and the defendant's admission that he called Senator John McCain's office and called him a "dick" for the reason that the evidence is both relevant and admissible pursuant to FRE 404(b).

### 1. The other acts evidence is admissible pursuant to Rule 404(b) FRE.

Rule 404(b) of the Federal Rules of Evidence provides as follows:

**(b)Other crimes, wrongs or acts.**   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

The Ninth Circuit treats Rule 404(b) as a rule of inclusion, rather than exclusion. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) (Rule 404(b) "is a rule of inclusion"); *United States v. Meling,* 47 F.3d 1546, 1557 (9th Cir. 1995).  Unless the "other act" evidence tends only to prove character or criminal propensity, it is admissible. *Huddleston v. United States*, 485 U.S. 681, 686 (1988*); Meling,* 47 F.3d at 1557; *United States v. Tsinnijjinnie,* 91 F.3d 1285, 1288-89 (9th Cir. 1996); *United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991).*

Evidence should be excluded under Rule 404(b) only when it provides nothing but the defendant's criminal propensities or character. *Tsinijjinnie*, supra, citing *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990); *see also Huddleston*, 485 U.S. at 686 ("[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character").  Put differently, Rule 404(b) precludes evidence which tends "only to prove propensity or character". *Jackson*, 84 F.3d at 1159; *Ayers,* 924 F.2d at 1473.  Other act evidence which proves propensity or character but which also proves an essential element or serves some other legitimate purpose is admissible under Rule 404(b).

The other act evidence in this case demonstrates proof of defendant's intent, plus absence of mistake or accident.

### a. The Other Act Evidence Meets the Ninth Circuit's Four Part Test for Admissibility

Admission of 404(b) evidence in the Ninth Circuit must satisfy the following four-part test:   Evidence of prior conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged.  United States v. Vizcarra-Martinez, 66 F.3d 1006, 1113 (9th Cir. 1995); United States v. DeSalvo, 41 F.3d 505, 509 (9th Cir. 1994); United States v. Houser, 929 F.2d 1369, 1373 (9th Cir. 1990).

i. The evidence tends to prove a material point.

In the present case, the other act evidence the United States seeks to introduce, is probative of defendant's intent when he made the threats to the victim in the present case, in addition to lack of mistake, or "it being out of character" for the defendant.

ii. The other act evidence is not remote in time.

The defendant attempted to send the text message to Represnative Nadler a mere four (4) months prior to making the threats in the instant case.  Clearly, this evidence is not remote in time.  The U.S. Capitol Police has attempted to confirm the phone call to John McCain that the defendant admitted to making, however this was not possible due to the passing of Senator McCain and the closing of his office.  The Ninth Circuit has consistently refused to adopt a bright line rule concerning remoteness in time.  *United States v. Spillone,* 879 F.2d 514, 518 (9th Cir. 1989)

iii. The evidence is sufficient to support a finding that defendant Committed the act.

To be admissible, the government must present sufficient evidence for the trier of fact to reasonably find by a preponderance of the evidence that the prior act occurred and

that the defendant was the actor. *Johnson*, 132 F.3d at 1283 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). Evidence of the prior act must provide more than "unsubstantiated innuendo," *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990) "The reliability threshold is not a high one, and the testimony of a single witness can be sufficient." *Johnson*, 132 F.3d at 1283.

In the present case, the extraction performed on defendant's phone revealed the text message to Representative Nadler. This evidence is clearly sufficient to support a finding that defendant committed the act. Next, defendant's admission that he called Senator McCain's office and called him "a dick" is sufficiently incriminating to lend credibility and believability that he made the call.

iv. The acts are similar to the crime charged.

The final Rule 404(b) criterion, that if the prior acts are being offered to show intent, the past conduct and the conduct charged must be sufficiently similar, also is satisfied. The defendant's past conduct need not be identical to the conduct charged, it need only be similar enough to be probative of intent. *See United States v. DeSalvo*, 41 F.3d 505, 509-10 (9th Cir. 1994). Here the defendant's other acts are nearly identical to the conduct charged.

**2. The Evidence of Defendant's Prior Acts are Admissible Under Rule 403**

Evidence of defendant's prior acts meets the Rule 404(b) test for relevance. This evidence therefore should be admitted unless its probative value is outweighed by its prejudicial impact on defendant. *Johnson*, 132 F.3d at 1282. In this case, there is no danger of unfair prejudice to defendant from admitting the evidence of his prior acts. First, the acts themselves are not of such a nature as to inflame the jury. The Ninth Circuit has admitted evidence that is much more inflammatory. *See, e.g., United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990) (sexual molestation of minors); *United States v. Lewis*, 837 F.2d 415, 418 (9th Cir. 1988) (child abuse). Moreover, any possible prejudicial impact of this evidence can be lessened by a limiting instruction by the Court. *See United States v. Romero*, 282 F.3d 683, 688, n. 1 (9th Cir. 2002) (finding instruction

adequately protected defendant against any undue prejudice from admission of evidence pursuant to Rule 404(b)); *United States v. Hinostroza*, 297 F.3d 924, 928 (9th Cir. 2002) (same).

In this case, the similarity of the defendant's prior and subsequent acts to the conduct with which he has been charged makes these acts highly probative, and there is no danger of unfair prejudice to defendant.

For the above stated reasons, the government requests this Court to allow the above stated evidence admissible pursuant to FRE 404(b).

Respectfully submitted this 20th day of February, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Beverly K. Anderson*

BEVERLY K. ANDERSON
Assistant U.S. Attorney

Copy of the foregoing served electronically, or by other means this 20th day of February, 2020 to:

Bradley Roach, Esq.
Attorney for Defendant Meister