**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02738-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Jan Peter Meister, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Sever Counts. (Doc. 47.) The Government responded (Doc. 50) and Defendant replied (Doc. 51). For the following reasons, the Court will grant the Motion to Sever.

**I.   Background**

The charges in this case arise out of a voicemail message left by Defendant on the Washington District Office Voicemail system of Congressman A.S. on October 1, 2019. (Doc. 50.) The voicemail included a threat directed towards the Congressman to use firearms against him in a violent manner. (*Id.*) The call was traced to Defendant's residence and on October 3, 2019, United States Capitol Police (USCP) and a Pima County Sheriff's Deputy visited the residence and spoke with Defendant. (*Id.* at 2.) USCP conducted follow-up investigation and, due to safety concerns arising from information

related to Defendant's prior criminal history,[1] a search warrant for Defendant's residence was sought and executed on October 18, 2019. (*Id.* at 2-3.) During the search, agents located firearms and ammunition. (*Id.*)

Defendant was indicted by grand jury on October 23, 2019. (*Id.*, Doc. 6.) An arrest warrant for Defendant was issued and executed on October 25, 2019, during which time allegedly unauthorized firearms were seized from the residence. (*Id.*, Doc. 9.) A superseding indictment was filed on December 4, 2019 charging Defendant with one count of Threats Through Interstate Commerce in violation of 18 U.S.C. § 875 and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(2). (Doc. 28.) Defendant requests the Court to order that Counts One and Two be tried separately. (Doc. 47.) Defendant remains in custody and trial is currently set for March 9, 2020. (Doc. 49.)

## II. Applicable Law

Fed. R. Crim. P. 8(a) provides that separate counts are properly joined if they (1) are of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common plan or scheme. Fed. R. Crim. P. 8(a). Severance of joined counts may be granted if their consolidation appears to prejudice a defendant or the government. Fed. R. Crim. P. 14(a).

"Joinder is the rule rather than the exception." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980). The defendant carries the burden to establish that severance is necessary and does so by a showing that joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever." *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007). A jury's knowledge of a defendant's status as a convicted felon is not considered manifestly prejudicial. *Id.* at 1116, n. 24 (citing *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir.) ("The prejudice must have been of such magnitude that the defendant's

---

[1] The Defendant was convicted in Maryland of rape in the second degree and sexual offense in the fourth degree/contributing to the delinquency of a minor in 1989. (Doc. 50 at 3.) The Defendant also has prior convictions for DUI (2000), disorderly conduct (2001), and assault (2000). (*Id.*)

- 2 -

right to a fair trial was abridged.")).

"There is a high risk of undue prejudice whenever… joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *Lewis*, 787 F.2d at 1321 (citing *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)). The Government may not introduce evidence of prior crimes to show that the defendant's bad character means he was more likely to have committed the charged crime. *Id.*; Fed. R. Evid. 404(b). A court considering whether to sever a charge that necessitates the introduction of other crimes evidence must consider "the danger that a jury will infer present guilt from prior convictions." *Id.* (citing *Daniels*, 770 F.2d at 1321.) The Ninth Circuit has not adopted the *per se* rule, adopted by some Circuits, that whenever evidence of prior convictions would be admissible on one joined count but not the other, the counts should be severed. *Id.* at 1322. Rather, the Ninth Circuit considers "undue prejudice on a case-by-case basis." *Id.*

As to Count One, Threats Through Interstate Commerce, the Government must prove beyond a reasonable doubt:

First, the defendant knowingly transmitted in interstate commerce a form of communication containing a threat to injure a person; and second, such form of communication was transmitted for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat. The government need not prove that the defendant intended to carry out the threat. *See* Ninth Circuit Model Jury Instruction 8.47B.

As to Count Two, Possession of a Firearm by a Convicted Felon, the Government must prove beyond a reasonable doubt: First, the defendant knowingly possessed a firearm and/or ammunition; Second, the firearm and/or ammunition had been shipped or transported from one state to another; Third, at the time the defendant possessed the firearm and/or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and fourth, at the time the defendant

possessed the firearm and/or ammunition, the defendant knew he had been convicted of the prior felony. *See* Ninth Circuit Model Jury Instruction 8.65A.

### III. Discussion

Defendant contends that the two counts are not properly joined under Fed. R. Crim. P. 8(a) because they are not of the same or similar character, not based on the same act or transaction, nor are parts of a common scheme or plan. (Doc. 47 at 2.) Defendant further contends that joinder of the counts would improperly prejudice him at trial pursuant to Fed. R. Crim. P. 14(a) because (1) there is a question of fact as to whether the Government can prove "a serious expression of intent to inflict bodily harm," an element of Count One, Threats Through Interstate Commerce; and (2) Defendant would be prejudiced by joinder because of the risk that the jury would convict him of Count One based on evidence related to Count Two, i.e., because "he committed a crime before and probably did this one too." (Doc. 47 at 5.)

The government argues that Defendant will not be unduly prejudiced by a joint trial because (1) Count One and Count Two each require the Government to establish evidence separate and apart from the other; (2) Limiting jury instructions can be given to emphasize that the jury may not consider the Defendant's prior convictions as evidence of guilt on Count One; and (3) The nature of the prior convictions can be sanitized or stipulated to. (Doc. 50 at 8-9.) The Government contends that the facts and circumstances in this case are "highly probative" and "largely overlapping" as to both counts, and therefore judicial economy favors joining the counts to avoid duplicating proceedings. (*Id*.)

The Court finds that the two offenses arise from the same act or transaction and thus joinder is presumptively proper under Fed. R. Crim. P. 8(a). The alleged threat giving rise to Count One involved the use of firearms to commit violence. The threat led to a search of Defendant's residence, where unauthorized firearms were discovered. Furthermore, the presence of firearms in Defendant's residence goes to Defendant's state of mind as to Count One. Although evidence of the presence of firearms at the residence

may be admissible at trial as to Count One, the Court finds that Defendant would be unduly prejudiced by joinder because the jury cannot reasonably be expected to compartmentalize its consideration of the evidence on each Count.

The Court has considered the nature of the offenses charged, the elements of each offense that the Government is required to prove, and the potential for prejudice towards the Defendant from introduction of his prior convictions with respect to the Threats in Interstate Commerce charge (Count One). Evidence related to Defendant's prior felony convictions would likely be inadmissible at trial on Count One, because none of the elements of Count One are related to whether the Defendant lawfully possessed the firearms that were found in his residence and the introduction of such evidence could be unfairly prejudicial. *See* Fed. R. Evid. 401, 403. Furthermore, the risk that Defendant would be prejudiced with respect to Count One due to the introduction of evidence of his prior felony convictions is high. *Lewis*, 787 F.2d at 1321.

The Court is concerned that a limiting jury instruction would not cure this potential prejudice. *See id*. at 1322 ("[J]oinder of counts tends to prejudice jurors' perceptions of the defendant and of the strength of the evidence on both sides of the case.") A limiting instruction would instruct the jury that it may not consider the evidence of Defendant's prior felony convictions in determining whether Defendant committed the crime of Threats Made in Interstate Commerce. Because of the nature of the threat, which involved the use of a firearm, and the evidence that Defendant possessed the firearms unlawfully, the Court does not believe it is reasonable to expect a jury to be able to compartmentalize the evidence in this way. The Court finds that "the danger that a jury will infer present guilt from prior convictions" cannot be sufficiently mitigated by a limiting instruction to that effect. Finally, considering the strong interest in judicial economy, the Court finds that judicial economy does not outweigh the danger of prejudice to Defendant arising from joinder of the charges. The Court finds that the interests of justice will be served by severing Count One and Count Two.

. . . .

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever (Doc. 47) is **granted**.

Dated this 25th day of February, 2020.

_____
Honorable Rosemary Márquez
United States District Judge