**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02738-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Jan Peter Meister, | |
| Defendant. | |

Pending before the Court is Defendant Jan Peter Meister's Appeal of Magistrate Judge's Order of Denial of Motion to Modify Conditions of Release. (Doc. 94.) Defendant, who is currently in custody, moves the Court to review Magistrate Judge Jacqueline Rateau's March 16, 2020 Order denying his Third Motion to Modify Conditions of Release. (Doc. 93.) The Court, having reviewed the record de novo, will deny the appeal and affirm Judge Rateau's March 16, 2020 Order denying the Motion to Modify Conditions of Release.

The charges in this case arise out of a voicemail message left by Defendant on the Washington District Office Voicemail system of Congressman A.S. on October 1, 2019. (Doc. 96.) The voicemail included a threat directed at the Congressman to use firearms against him in a violent manner. (*Id*.) The call was traced to Defendant's residence and on October 3, 2019, law enforcement agents visited the residence and spoke with

Defendant. (*Id.*) United States Capitol Police conducted follow-up investigation and a search warrant for Defendant's residence was sought and executed on October 18, 2019. (*Id.*) During the search, agents located firearms and ammunition. (*Id.*)

Defendant was indicted by grand jury on October 23, 2019. (*Id.*, Doc. 6.) An arrest warrant for Defendant was issued and executed on October 25, 2019, at which time allegedly unauthorized firearms were seized from the residence. (*Id.*, Doc. 9.) A superseding indictment was filed on December 4, 2019 charging Defendant with one count of Threats Through Interstate Commerce in violation of 18 U.S.C. § 875 and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(2). (Doc. 28.)

A detention hearing was held before Magistrate Judge Rateau on October 29, 2019. (Doc. 13.) Following the detention hearing, at which the Government requested a dangerousness hearing should the Court order Defendant released, Judge Rateau found that Defendant posed a risk of nonappearance and posed a danger to the community. (Doc. 14.) Defendant appealed the detention order to this Court. (Doc. 15.) Following a hearing on December 9, 2019, this Court affirmed Defendant's detention order based on dangerousness. (Doc. 33.) The Court indicated that it would reconsider Defendant's continued detention pending trial if an in-patient placement for alcohol treatment became available. (*Id.*)

A jury trial on Count Two of the superseding indictment was held on March 9–11, 2020. (Docs. 74, 75, 76.) The jury found Defendant not guilty and Defendant was acquitted of Count Two. (Docs. 84, 85.) Defendant remains detained pending trial on Count One, which is currently set for June 2, 2020. (Doc. 95.)

In the Motion to Modify Conditions of Release which is the subject of this Appeal, Defendant requests that he be released from custody because his wife was recently diagnosed with thyroid cancer and he would like to be home to assist her with treatment and recovery from a surgery that was scheduled for March 18, 2020. (Doc. 92.) Defendant further contends that he should be released because he has been acquitted of

the most serious charge in this case and faces a relatively short prison sentence were he convicted of the remaining count. (*Id.*) Both the Government and Pretrial Services opposed the Motion. (*Id.*) Judge Rateau denied the Motion based on the objections from the Government and Pretrial Services. (Doc. 93.)

Defendant appealed the denial on March 25, 2020 (Doc. 94) and the Government responded in opposition (Doc. 96). On appeal, Defendant argues that he should be released pursuant to the statutory framework set forth in the Bail Reform Act, 18 U.S.C. § 3142. Defendant contends that the remaining count, Threats Through Interstate Commerce in violation of 18 U.S.C. § 875, does not carry a rebuttable presumption of detention and therefore the Defendant must be released unless the court finds that no condition or combination of conditions could reasonably assure the Defendant's appearance at future court proceedings and the safety of the community. (*Id.* at 4); 18 U.S.C. §§ 3142 (b) and (e)(1). Defendant contends that he poses neither a flight risk nor a danger to the community because (1) there is little evidence he could have carried out the alleged threat charged in Count One; (2) his last offense was committed seventeen years ago; (3) he has strong ties to Arizona, including family relationships and a job offer upon release; and (4) he has no recent international travel and is willing to surrender his passport. (*Id.* at 4-5.) Defendant further argues that the fact that he did not flee between October 1, 2019 and October 25, 2019, during which time he knew he was being investigated on the offenses charged in this case but had not yet been arrested, evidences a lack of dangerousness and flight risk. (*Id.* at 5.)

In further support of his request, Defendant states that (1) he has potentially already served the portion of the guideline sentence of ten to sixteen months on Count Two that he would be required to spend in custody; and (2) his incarceration during the ongoing COVID-19 pandemic poses a risk to his health. (*Id.* at 5-6.)

Opposing release, the Government argues that Defendant continues to pose a flight risk and a danger to the community. (Doc. 96.) The Government contends that Defendant has presented two factors that have changed in March 2020 to warrant reopening

- 3 -

detention proceedings pursuant to 18 U.S.C. § 3142(f): (1) his acquittal on Count Two, which reduces the maximum penalty he faces if convicted on Count One to five years of imprisonment and (2) the risks to his health posed by his continued detention during the COVID-19 pandemic. (*Id*. at 6.) The Government contends that the facts supporting the Court's finding as to dangerousness—the nature of the alleged threats combined with Defendant's access to firearms—remain unchanged since the Court affirmed the Magistrate Judge's detention order in December 2019. (*Id*.) The Government additionally contends that, while the COVID-19 pandemic is a changed circumstance that has developed since Defendant's detention hearing, Defendant has presented no new health information that would indicate he is at a higher risk of infection than the general population. (*Id*.) The Government then analyzes each factor that is to be considered in determining whether a defendant may be released on conditions that will reasonably assure the person's appearance and the safety of the community pursuant to 18 U.S.C. § 3142(g): (1) the nature and seriousness of the offense charged; (2) the weight of evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. (*Id*.); *see also United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

As to factors one and two, the Government contends that the nature and seriousness of the charged offense, as well as the weight of the evidence against Defendant on Count One, weigh in favor of Defendant's continued detention. (*Id*. at 7-8.) The Government further argues, as to factor three, that Defendant's character, past conduct, history of drug and alcohol abuse, and criminal history continue to weigh in favor of detention. (*Id*. at 9-10.) Finally, the Government argues that the fourth factor, danger to any person or the community that would be posed by the Defendant's release, weighs in favor of continued detention because, if released, he would have access to firearms at his home. (*Id*. at 10-11.) Lastly, the Government contends that the measures

taken by the Bureau of Prisons (BOP) to mitigate the spread of COVID-19 in its facilities are adequate to mitigate the Defendant's risk of contracting the virus while incarcerated. (*Id*. at 12-15.)

The Court finds that there is no condition or combination of conditions that will reasonably assure the Defendant's future appearance at court proceedings or the safety of the community. First, considering the nature and seriousness of the offense charged, the Court finds that the offense alleged in Count One—threats made in interstate commerce—is sufficiently serious to weigh in favor of Defendant's detention. The Court further finds that the weight of the evidence against Defendant as to Count One weighs neither for nor against his continued detention. Next, in considering the Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history, the Court finds that this factor warrants Defendant's continued detention. Defendant's history of alcohol abuse, as documented in the record, was involved in the incidents giving rise to the charge in Count One. Furthermore, Defendant has not indicated that, if released, he would have access to a residence without firearms. In fact, Defendant's request that he be released to care for his wife at their home indicates that he would plan to return to the residence at which he previously had access to firearms. Finally, the Court finds, consistent with its previous findings as to Defendant's dangerousness, that the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release weigh in favor of continued detention.

As for Defendant's incarceration in light of the COVID-19 pandemic, the Court finds that Defendant has not presented any new evidence related to his health that would indicate he is at a higher risk of contracting the virus than any other inmate in a BOP facility. Having conducted de novo review of the record, having reviewed the parties' briefing and the Pretrial Services Report, and having considered the factors set forth in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions exists that will reasonably assure Defendant's appearance or the safety of the community.

Accordingly,

**IT IS ORDERED** that Defendant's Appeal of the Magistrate's Order of Denial of Motion to Modify Conditions of Release (Doc. 94) is **denied**.

Dated this 21st day of April, 2020.

_____
Honorable Rosemary Márquez
United States District Judge