✓ FILED — LODGED
— RECEIVED — COPY
APR 30 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY — DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
NICOLE P. SAVEL
Arizona State Bar No. 015958
BEVERLY K. ANDERSON
Arizona State Bar No. 010547
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Bev.Anderson@usdoj.gov
Email: Nicole.Savel@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Jan Peter Meister,
AKA Peter Meister,

Defendant.

CR-19-02738-TUC-RM- (JR)

PLEA AGREEMENT

The United States of America and defendant Jan Peter Meister agree to the following disposition of this matter:

**PLEA**

Defendant agrees to plead guilty to Count 1 of the Superseding Indictment charging him with a violation of Title 18, United States Code, Section 875(c), Threats Through Interstate Commerce, a Class D Felony.

**ELEMENTS OF THE CRIME**

The essential elements of Threats Through Interstate Commerce are that:

(1) The Defendant knowingly transmitted in interstate or foreign commerce a form of communication containing a threat to kidnap or injure a person; and

(2) The Defendant knowingly transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat.

**TERMS**

Defendant understands his guilty plea is conditioned upon the following terms, stipulations, and requirements:

1. **Maximum Penalties**

a. The maximum penalties for a violation of Tile 18, United States Code, Section 875(c) is five (5) years' imprisonment, a fine of $250,000, three (3) years of supervised release, and a mandatory special assessment of $100.

b. Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall

i. order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

ii. order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on defendant of $100.00 per felony count. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

d. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his

immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is his automatic removal from the United States.

2. **Agreements Regarding Sentencing**

The government and defendant stipulate that the total offense level in the U.S. Sentencing Guidelines is calculated as follows:

a. The applicable Guideline section is USSG Section 2A6.1(a)(1), which provides a base offense level of **12.**

b. The facts of this case support the specific offense characteristic of a single instance of a threat evidencing little or no deliberation, pursuant to USSG Section 2A6.1(b)(6), which provides for **a decrease of 4 levels.**

c. The offense is an offense against the person and involved an official victim, Pursuant to USSG Section 3A1.2(a) and (b), which provides for an adjustment of **a 6 level increase.**

**Adjusted Offense Level: 14**

d. Pursuant to § 3E1.1(a) of the Guidelines, the government will recommend the maximum downward adjustment to the adjusted offense level if (i) through the time of sentencing, the government is convinced that defendant has demonstrated "acceptance of responsibility" for the offense to which he is pleading guilty (by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in the relevant offense conduct, give conflicting statements about the Defendant's involvement, or fail to meet any of the obligations set forth in this agreement, then the Government will not be required to recommend acceptance of responsibility); and (ii) the government does not determine that defendant, after signing this agreement, committed any other federal, state or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in § 3C1.1 of the Guidelines.

e. Using the guideline calculations above, and subtracting 2 levels for timely acceptance of responsibility, **the total offense level is 12.** The parties believe defendant is

in Criminal History Category I, producing an advisory guidelines range of **10-16 months.** If, at the time of sentencing, a time-served sentence is not within the Sentencing Guideline range as determined by the Court, the United States will not object to the defendant's motion for a variance under 18 U.S.C. § 3553(a) to allow for a time-served sentence.

f. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that the defendant shall be sentenced to a term of imprisonment of **time served, with a term of supervised release to follow his release from imprisonment, to be determined in the Court's discretion.** The supervised release terms will include the terms that the defendant shall not possess firearms or have access to firearms; and, the defendant shall have no contact with the victim in this case, or the victim's family members, staff or office locations.

g. Additionally, the United States and the defendant understand that, in exchange for the defendant's entry of a guilty plea in this matter, the Pima County Attorney's Office agrees not to bring any additional charges against the defendant for Misconduct Involving Weapons, pursuant to A.R.S. §13-3102, including the defendant's possession of three black powder firearms, on or about October 18, 2019.

h. Defendant understands that the court is neither a party to nor bound by this agreement and the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has pled. If the court imposes a sentence greater than the maximum term agreed upon by the parties or otherwise rejects the plea agreement, the defendant may withdraw his guilty plea as authorized by Rule 11(d)(2)(A), Fed. R. Crim. P. Defendant understands that he may not withdraw from this plea agreement if the court accepts the agreement and sentences him within the agreed sentencing range.

i. This agreement is expressly conditioned upon the accuracy of defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history prior to sentencing in addition to that known by the government shall entitle the government to withdraw from this agreement.

3. **Assets and Financial Responsibility**

a. The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose; (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

b. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum

schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

4. **Breach of the Agreement**

If defendant fails to comply with any obligation or promise pursuant to this agreement, including the failure to appear at sentencing, the United States:

a. may, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (8) below and defendant understands that he shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

b. may prosecute defendant for any offense known to the United States for which defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement; and

c. may argue for a maximum statutory sentence for the offenses to which defendant has pled guilty.

5. **Plea Addendum**

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

6. **Waiver of Defenses and Appeal Rights**

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement provided that the sentence is a term of imprisonment of time served. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of

sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7. Perjury and Other False Statement Offenses and Other Offenses**

Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

**8. Reinstitution of Prosecution**

If the Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge, and any charges that have been dismissed pursuant to this plea agreement, shall, automatically be reinstated. In such event, the Defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The Defendant waives any right to claim the statements made before or after the date of this agreement, including the factual basis within this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed

under Fed. R. Evid. 410, Fed. R. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or Federal law.

**9. Disclosure of Information to U.S. Probation Office**

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Department.

b. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2)all financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**10. Agreement Regarding Property**

a. Defendant agrees to abandon and relinquish any and all right, title and interest he may have in an F LLI PIETTA 1858 New Army .44 Cal S-R511561, an F LLI PIETTA 1858 New Army .44 Cal S-R511567, and in a Wolf .50 Cal Black Powder rifle.

b. Defendant knowingly and voluntarily agrees not to file a claim, pursue any filed claims, to withdraw any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c. Defendant further agrees to waive his right to notice of any forfeiture proceedings involving the assets.

d. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement.

e. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant.

**FACTUAL BASIS**

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty, and that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On or about October 1, 2019, while in the District of Arizona, the defendant Jan Peter Meister, knowingly placed a call with his cellular telephone to the Washington, D.C., District Office of Congressman A.S., and left a message on the voice mail system, with the intent to threaten, stating, "Yeah, go fuck your mother, you son of a bitch cause I'm gonna fucking blow your brains out you fucking piece of shit mother, fucker, you're a fucking piece of shit. You fucking piece of shit mother fucker. Yeah watch. I'm gonna fuck your asshole you piece of shit son of a bitch. Yeah come get me. I guarantee I'll fuck your brains out."

The defendant knowingly transmitted the threatening communication in interstate commerce for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat. The communication was viewed as a threat by the recipients of the voice mail message, who contacted United States Capitol Police (USCP) to report the threatening voice mail message. USCP expeditiously provided a photograph of the defendant to the Congressman's office due to safety concerns based on the defendant's threat to cause injury to Congressman A.S.

**DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read each of the provisions of this plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering a plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination–all with the assistance of counsel–and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that any Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time.

I further understand that, if I violate any of the conditions of my probation/ supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

4/28/20
Date

Jan Peter Meister

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with defendant. No assurances, promises, or representations have been made to me or to defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/30/2020
Date

Brad K. Roach, Esq.
Attorney for Defendant Jan Peter Meister

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

4/30/20
Date

NICOLE P. SAVEL
Assistant U.S. Attorney