MICHAEL BAILEY
United States Attorney
District of Arizona
NICOLE P. SAVEL
State Bar No. 015958
BEVERLY ANDERSON
State Bar No. 010547
Assistant United States Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nicole.savel@usdoj.gov
Email: bev.anderson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Jan Peter Meister,<br><br>　　　　　Defendant. | CR 19-02738-TUC-RM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys, MICHAEL BAILEY, United States Attorney for the District of Arizona, and NICOLE P. SAVEL, Assistant U.S. Attorney, and respectfully submits the following Sentencing Memorandum. Sentencing is currently set for Wednesday, July 15, 2020, before the Honorable Rosemary Marquez.

## MEMORANDUM OF POINTS AND AUTHORITIES

**FACTS:**

The government adopts and hereby incorporates by reference, the statement of facts found in the Pre-Sentence Report (PSR) prepared for this defendant, with one exception. The PSR's summary of offense conduct inadvertently or incorrectly merges the serving of the federal search warrant at the defendant's home on October 18, 2019,

1  with the execution of the defendant's arrest in this case, which occurred a week later on
2  October 25, 2019.  See PSR ¶7.   This is important to note because the defendant's
3  behavior was markedly different between the two events.

4  When the search warrant was served in this case, the defendant was cooperative
5  and agreed to be interviewed by agents after the search was concluded.  Agents did not
6  observe any signs of intoxication on the defendant, and he was not arrested at that time.
7  A week later, when agents went to serve the arrest warrant on October 25, 2019 at 7:00
8  am, the defendant made unsolicited statements and cursed at agents, such as: "Fuck A.S"
9  (the defendant stated the victim's full name). During the transport of the defendant that
10 morning, the transporting agent USCP Agent Chris Derosiers noted a strong odor of
11 alcohol emanating from the defendant.

12 For this case, the PSR calculated a total offense level of 12 and placed the
13 defendant in Criminal History Category I, resulting in a Guideline Range of
14 imprisonment of 10 to 16 months.  The plea agreement stipulates to time served sentence
15 and a term of supervised release as determined by the Court, with supervised release
16 terms to include that the defendant shall not possess firearms or have access to firearms;
17 and, the defendant shall have no contact with the victim in this case, or the victim's
18 family members, staff or office locations.

19 The PSR recommends a times served sentence based upon a variance of two
20 levels, as permitted by the plea agreement, for a total offense level of 10, resulting in a
21 Guideline Range of imprisonment of 6 to 12 months.  According to the PSR, the
22 defendant will have served 189 days presentence detention at the time of sentencing. See
23 PSR, page 1, Release Status.  The PSR also recommends three years of supervised
24 release, with the agreed-upon terms as mentioned previously, along with other standard
25 conditions.

26 The defendant made no objections to any of the facts or calculations contained in
27 the PSR.

28 The government now files its partial concurrence with the PSR recommendation.

**DISCUSSION:**

### The government has no objection to the PSR and partially concurs with the recommendation of Probation.

The PSR correctly calculated the defendant's total offense level and criminal history categories and identified the correct sentencing ranges for the defendant. The PSR recommends a sentence of time served followed by a three year term of supervised release. The government agrees with the PSR recommendation of three years of supervised release and the terms and special conditions included in the PSR. Special conditions recommended require that the defendant abstain from using or possessing alcohol and include random substance abuse testing.

However, given the nature and circumstances of this offense and the defendant's history, the government also recommends that the defendant be required to participate in treatment for substance abuse and mental health issues as directed. The government recognizes that the defendant was assessed by Community Bridges for substance abuse treatment and that treatment was not recommended, but the PSR notes within that discussion that the defendant is a registered sex offender. PSR ¶¶4 and 67. It is unclear if treatment was not recommended at that facility due to his status as a sex offender, or solely due to the assessment, without regard to his status. The PSR reports that the defendant has been tested once since his release at the end of last April, and that test on May 7, 2020 was negative for the presence of narcotics. *Id*. It does not appear that the defendant was tested for the presence of alcohol during his release.

The defendant pleaded guilty to Threats Through Interstate Commerce for making a phone call on October 1, 2019, and leaving a threatening voice message to kill a member of Congress. He admitted that he made the call while under the influence of alcohol after hearing difficult health news about a close relative, who had been placed in hospice for end of life care for a terminal illness due to alcoholism. PSR ¶11. The defendant (and his wife) also told Probation that he has not consumed alcohol since the night of the offense, however the transporting agent noted a strong odor of alcohol

emanating from the defendant when he was arrested at 7:00 am weeks later. *Id*. The defendant, who admits he is an alcoholic, at times seems to minimize his alcoholism and prior substance abuse to Probation, as well as his prior mental health diagnoses and suicide attempts from years ago, but the negative impact on his life and others is tragically apparent. See PSR ¶60-72. The PSR notes that the defendant used marijuana in the last year, by his own admission. See PSR, page 26, Special Conditions. The defendant's criminal history, while remote in time, is extensive and littered with drugs, alcohol, drunk driving and domestic violence fueled by his addictions and mental health issues.

The government respectfully requests a special condition of supervised release that the defendant participate in mental health and substance abuse treatment as directed, which will provide services and support that an addict such as the defendant may certainly need to remain alcohol and drug free. Emotional crises, such as sad news about a relative, can push an addict to use again, particularly if the addict does not have services and support in place. Additionally, when the defendant was in custody he appealed his detention order and requested release to attend substance abuse treatment, thereby acknowledging his need for treatment. The defendant was deemed ineligible for inpatient treatment at that time due to his registered sex offender status. Outpatient programs or individual therapy could be alternatives if the defendant is precluded from attending particular treatment programs. Should the defendant not need treatment during supervision, then the provision need not be invoked.

/// /// ///
/// /// ///
/// /// ///

**CONCLUSION:**

Based upon the foregoing, the government respectfully requests that the Court sentence the defendant according to the terms of the plea agreement and adopt the sentencing recommendations of Probation, with an additional special condition for mental health and substance abuse treatment.

Respectfully submitted this 8th day of July 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Nicole P. Savel*

NICOLE P. SAVEL
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 8th day of July, 2020 to:

Brad Roach, Esq.
Attorney for the Defendant